for certain given purposes, and as to one kind of disposi·tion, viz : a sale, which, as we have seen, is used in its le·gal, and not in its enlarged and popular sense (Code, §1783), and from the connection, and with reference to the subject·matter, is advisedly used in contradistinction from a gift. See especially Code, §§ 1785, 2337.   We could not add to these restrictions without transcending the right of the court to interpret, and assuming legislative functions, by amending a plainly written law.   Beyond the clear import of these restrictive clauses we cannot go.

The court below erred in charging the jury that the deeds from the wife, Emma Cain, to her husband, John M. Cain, conveying to him the property in dispute, were void, without an order of the court, allowing and approving them.  We hold that in any event they were only voidable ; that two questions should have been submitted to the jury : First, whether the deeds were procured by the exercise of im·proper influence on the part of the said Cain over his wife, in consequence of the confidential relations existing be·tween them ; and secondly, whether more than five years have elapsed from the execution and ·delivery of these conveyances to the bringing of this suit by the represent·ative of the deceased wife ; and, in this connection, whether she survived more than this length of time without attempting or making any legal effort to cancel the deeds, and whether she had desired to have them canceled, and was prevented from doing it by the improper persuasion or other influence of her husband.

Judgment reversed.

---

### The Mayor, etc., of Macon vs. Hoge.

Where a *certiorari* has been brought to reverse a judgment of the re·corder of a city imposing a fine for a violation of a city ordinance,
·  if it be sustained, the court may enter judgment for costs against the city.  In this case, the court merely gave judgment for costs without directing how they are to be paid.  This court will not pre·sume that it will be illegally enforced, and in advance of a pro·ceeding making such question, direct how it shall be done.

October 16, 1883.

Municipal Corporations. Costs. *Certiorari.* Criminal Law. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1882.

Reported in the decision.

S. H. JEMISON, by brief, for plaintiffs in error.

J. H. HALL, for defendant.

HALL, Justice.

The question made by this record is whether the superior court, in sustaining a *certiorari* brought to reverse a judgment of the recorder, imposing a fine for a violation of a city ordinance, can enter judgment for costs against the city.

On the authority of *Cranston vs. The Mayor, etc., of Augusta,* 61 *Ga.,* 578, it is insisted that the police powers of the city have been delegated to it by the state; that if the state chooses to do it, she may resume them, and exercise them directly through her ordinary tribunals; that, instead of empowering the city to pass ordinances, she may pass statutes with like provisions, and administer them in the superior or county courts of the county in which the city is located. Conceding this power, and the further fact that the city government is the subordinate agent of the state, to aid her in the government of a certain community, it does not thence follow that the city has all the immunities and prerogatives of the sovereignty whose agent and servant she is, or that the state or any one of its departments of government is chargeable, either directly or indirectly, with the expense of administering the city government. Directly the reverse of this is true; the state is not chargeable with any such cost; she has made provision to compensate all her officers who aid in the administration of penal laws; no service is required of any of them, with a very few exceptions, for

which compensation is not provided.    The officers of the superior, city and county courts have recourse to the funds arising from fines and forfeitures in the respective courts, to pay costs where they cannot be collected from defendants in criminal proceedings.    Code §4631.

In this case, the court merely gave judgment for costs, without directing how they are to be paid.    The fines and forfeitures arising from proceedings before the recorder are unquestionably subject to this judgment, and it is for that court and the government it represents to see that the judgment of the superior court is carried into effect, and is satisfied in accordance with the provisions of law. We certainly cannot anticipate that it will be enforced in a manner contrary thereto, and, in advance of any proceeding making such a question, direct how it shall be done.

Judgment affirmed.

## BROACH *vs.* KELLY.

1. Where, in an action of complaint for land, the only plea was that the title of plaintiff was acquired from defendant, and was tainted with usury, the deed having been given to secure a usurious debt, a verdict finding for the plaintiff, but giving the defendant six months in which to pay the note, before the judgment should be executed, was contrary to law.
2. The weight of the testimony is against the verdict.    Until February 19th, 1873, it was unlawful to contract for more than ten per cent interest, and a reservation of more than that rate, whether directly or indirectly, was usurious.
3. On the trial of an action of complaint for land, with a plea of usury in the title, interrogatories of a witness, taken in an action on the note between the same parties, were not admissible, the witness being alive and in an adjoining county of the state and accessible. *Aliter*, had the witness been dead or beyond the jurisdiction of the court.
4. Where, in an action of complaint for land, the plaintiff relied on a deed from the defendant, and the latter pleaded that such deed was tainted with usury and void, having been given to secure a