BEARDEN *vs.* CITY OF MADISON.

1. Ordinances authorized by the legislature to be passed by a municipal corporation have the force of laws, where they are not violative of the constitution of the state or the United States or the laws of the land. Such ordinances are mere police regulations of the municipal government.

2. A municipal ordinance providing that "boys and other persons unconnected with railroad trains, except passengers and other persons in the act of taking passage, are prohibited from getting off or on engines or cars at the depot or elsewhere in the city limits," was not void for want of uniformity or as being unreasonable.

(*a.*) This court will not presume that the municipal authorities will give this ordinance an unreasonable construction, so as to prevent those having relatives or friends arriving or departing on trains from entering thereon to see after their safety or comfort.

3. A general charter power to pass all laws and ordinances that the municipal authorities may consider necessary for the preservation of the health, peace, prosperity and security of the citizens of said

city, not inconsistent with the constitution and laws of this state, would authorize the passage of such an ordinance as that stated above.

December 2, 1884.

Municipal Corporations. Railroads. Constitutional Law. Presumptions. Powers. Charters. Before Judge LAWSON. Morgan County. At Chambers. December 22, 1883.

Reported in the decision.

MCHENRY & MCHENRY; F. C. FOSTER; W. R. MUSTIN; H. W. BALDWIN; J. H. HOLLAND, for plaintiff in error.

CALVIN GEORGE, by brief, for defendant.

BLANDFORD, Justice.

The plaintiff was charged with having violated city ordinance 103, which ordinance provides that "boys and other persons unconnected with railroad trains, except passengers and other persons in the act of taking passage, are prohibited from getting off or on engines or cars at the depot or elsewhere in the city limits," and provides a penalty. The plaintiff in error admitted having violated this ordinance; he was fined, and petitioned for a writ of *certiorari*, which was refused by the judge of the superior court, and this is arraigned as error.

(1.) It is insisted that this ordinance is violative of paragraph 3, section 1, constitution of this state: "No person shall be deprived of life, liberty or property, except by due process of law."

(2.) That the same is not uniform, and is unreasonable, and therefore void.

(3.) Because the charter does not authorize the ordinance.

1. Ordinances authorized by the legislature to be enacted by a municipal corporation have the force of laws, where

the same are not violative of the constitution of the state or the United States and the laws of the land; such ordinances are mere police regulations for the welfare and proper regulation of the municipal government. *Perdue vs. Ellis,* 18 *Ga.,* 586; 12 Minn., 41; 2 Yates (Pa.), 493; 1 Dillon Munic. Cor., §308, (245), and numerous cases cited.

2. The next question is as to the uniformity and reasonableness of the ordinance. We fail to see any want of uniformity in the ordinance, or that the same is unreasonable. It strikes us that the ordinance is not only reasonable, but quite proper; it is in favor of life and limb, and is also made for the convenience of those operating the cars and engines also for passengers. We will not presume that the city authorities will give this ordinance an unreasonable construction, so as to prevent those having relatives or friends arriving or departing on the trains from entering thereon to see after their safety or comfort. When such a case arises, then we presume the authorities will so construe this ordinance as not to apply to such persons.

3. This ordinance is not inconsistent with, or beyond the powers granted to the city by its charter.

Acts of 1866, p. 284, acts of 1830, p. 212, provide that the mayor and council shall have the power to pass all laws and ordinances that they may consider necessary for the preservation of the health, peace, prosperity, comfort and security of the citizens of said city, not inconsistent with the constitution and laws of this state. This is a broad grant of power, and fully includes the power to pass the ordinance complained of.

Judgment affirmed.