FORBES *v.* MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

HINES, J. Forbes was tried in the recorder's court of Savannah for violation of a municipal ordinance. At the conclusion of the evidence the defendant urged that he should be acquitted, on the grounds: (1) that said ordinance was invalid, because, under § 868 of the Civil Code of this State, the city could not levy nor collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods, where no delivery thereof is made at the time of taking such orders; (2) that said ordinance is unconstitutional and void, because it violates par. 1 of sec. 2 of art. 4, and the interstate-commerce clause of the constitution of the United States; and (3) that,

irrespective of the validity of said ordinance, the testimony failed to authorize his conviction, in that it failed to show any violation by him of said ordinance. The recorder found Forbes guilty, and imposed upon him a fine of $100. He sued out a writ of certiorari to review said judgment. In his application for the writ he alleged that the recorder erred in finding him guilty upon each and every ground hereinabove stated, and erred in declaring the ordinance valid and adjudging him guilty of its violation. On the hearing of the certiorari counsel for the city made a motion to dismiss it upon the ground that the plaintiff in certiorari alleged in his petition therefor that the ordinance under which he was convicted is void; from which allegation the defendant in certiorari contended that the judgment of conviction was therefore void, and that certiorari not being the remedy to correct a void judgment, the certiorari should be dismissed. The trial judge sustained this motion and dismissed the certiorari. To this ruling the plaintiff in certiorari excepted. *Held:*

1. This court has exclusive jurisdiction in all cases where the constitutionality of any law of this State or of the United States is drawn in question. Acts 1916, p. 19.

2. A municipal ordinance passed in pursuance of legislative authority has the force of law, when it does not violate the constitution of this State or the United States, or the laws of the land (*Bearden* v. *City of Madison,* 73 *Ga.* 184), and is a law of this State. In this case the writ of certiorari having been brought to review the finding by the trial court that a municipal ordinance is not unconstitutional on certain grounds on which its constitutionality is attacked, and the writ of error in this case having been sued out to review such judgment, this court has jurisdiction to pass upon the errors alleged in the bill of exceptions to have been committed by the court below in the trial. *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374).

3. The writ of certiorari lies for the correction of errors committed by the recorder's court of the City of Savannah in the trial of a person charged with the violation of a municipal ordinance of that city. Civil Code (1910), §§ 5180, 5183; Acts 1906, p. 1037.

4. An attack upon such ordinance upon the grounds that it is unconstitutional and void, and is in conflict with a statute of this State, which attack is not sustained by the trial court, does not render such judgment void; and the defendant, when convicted, could sue out a writ of certiorari to correct any errors committed by the trial judge in sustaining the constitutionality and validity of the ordinance. Having jurisdiction of the subject-matter and of the person of the defendant, the judgment of the trial court, finding the defendant guilty and imposing punishment was not void, even if the ordinance under which he was tried was unconstitutional and void. For this reason the case does not come within the decisions of this court which hold that the writ of certiorari does not lie to correct a void judgment. *Brown* v. *Brown,* 99 *Ga.* 168 (25 S. E. 95); *Levadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418); *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59); *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861); *Griggs* v. *Macon,* 154 *Ga.* 519, 526 (114 S. E. 899). This is especially so in view of the fact that the writ of certiorari was also sued out to cor-

rect the judgment of conviction, on the ground that it was unsupported by the evidence.

5. Applying the above rulings, the court erred in dismissing the writ of certiorari.         *Judgment reversed. All the Justices concur.*

No. 4897.   JULY 15, 1925.

Certiorari. Before Judge Meldrim. Chatham superior court. April 21, 1925.

*Jacob Gazan,* for plaintiff in error. *John J. Bouhan,* contra.