## 25186.   MANER *v.* DYKES.

DECIDED FEBRUARY 27, 1936.

*M. B. Eubanks, Wright & Covington,* for plaintiff.

*Maddox, Matthews & Owens, F. M. Gleason,* for defendant.

SUTTON, J.   This was an automobile-damage case brought by a motor common carrier of freight, involving a collision between the plaintiff's truck and the automobile of the defendant, in which the defendant filed a cross-action.   On the trial the defendant offered in evidence rule 62e of the Public-Service Commission of Georgia, a violation of which the defendant set up as a proximate cause of his injury and as negligence per se.   The plaintiff objected to the introduction of this rule, "upon the grounds that said rule was wholly immaterial and irrelevant, was beyond the authority of the Public-Service Commission of Georgia to enact, and was an unlawful delegation of authority upon the part of the legislature of the State of Georgia to the Public-Service Commission of the State of Georgia, and was therefore in conflict and violation of the provisions of article 3, section 1, paragraph 1, of the constitution of the State of Georgia, which provides: 'The legislative power of the State shall be vested in a General Assembly, which shall

consist of a Senate and House of Representatives.'" On the overruling of his objections the plaintiff assigns error in his motion for new trial. The plaintiff assigns error also on the charge of the court to the jury, that a violation of rule 61e by the plaintiff would be negligence per se, on the ground of the unconstitutionality of the rule as an unlawful delegation to the commission of a legislative function. The jury returned a verdict in favor of the defendant on the cross-action. A motion for new trial was overruled, and the plaintiff excepted.

The motor common-carrier act of 1931 declares that "The commission is hereby authorized to adopt such rules and orders as it may deem necessary in the enforcement of the provisions of this act. Such rules and orders so approved by the commission shall have the same dignity and standing as if such rules and orders were specifically provided in this act." Code of 1933, § 68-629. It would seem that rule 62e, passed by the commission in pursuance of this act, has the force and effect of a law or statute of this State, and it was so treated by the court in the admission of the rule in evidence and in the instructions to the jury. The Supreme Court has jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia, . . in all cases in which the constitutionality of any law of the State of Georgia . . is drawn in question." Code of 1933, § 2-3005. Therefore, the unconstitutionality of the act and the rule of the commission passed pursuant thereto being directly attacked in this ground of the motion for new trial, it would seem that the Supreme Court, and not this court, has jurisdiction of the writ of error in this case.

*Transferred to the Supreme Court. Jenkins, P. J., and Stephens, J., concur.*