## MANER v. DYKES.

No. 11344. September 19, 1936.

*M. B. Eubanks* and *Wright & Covington,* for plaintiff.

*Maddox, Matthews & Owens* and *F. M. Gleason,* for defendant.

HUTCHESON, Justice. On the trial of this case the defendant offered in evidence rule 62e of the Public-Service Commission of Georgia, a violation of which rule was alleged by the defendant in his cross-action as the proximate cause of his injury and as negligence per se. The plaintiff objected to the introduction of this rule in evidence, "upon the grounds that said rule was wholly immaterial and irrelevant, was beyond the authority of the Public-Service Commission to enact, and was an unlawful delegation of authority upon the part of the legislature of the State of Georgia to the Public-Service Commission of the State of Georgia, and was therefore in conflict [with] and [in] violation of the provisions of article 3, section 1, paragraph 1, of the constitution of the State of Georgia, which provides: 'The legislative power of the State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives.'" The judge overruled the objection, on which ruling, among others, the plaintiff assigns error in his motion for new trial. The case was carried to the Court of Appeals by bill of exceptions, and by that court transferred to this court on the ground that this court and not the Court of Appeals has jurisdiction. *Maner* v. *Dykes,* 52 *Ga. App.* 715 (184 S. E. 438). Jurisdiction was accepted by this court, subject to further determination after argument.

Under the constitutional amendment of 1916, defining the

jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Code, §§ 2-3005, 2-3009), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given set of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty. *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310). The rule of the Public-Service Commission is not a "law of the State" within the meaning of that term as used in the provisions of the constitution defining the jurisdiction of the Supreme Court. This court has recognized the distinction between laws of the State and rules and regulations having the effect of laws. In *Georgia Railroad* v. *Smith,* 70 *Ga.* 694, 699, involving the constitutionality of an act of the legislature granting power to the Railroad Commission of this State to promulgate rules and regulations as to fair and reasonable rates to be charged by railroads, this court said: "The difference between the power to pass a law and the power to adopt rules and regulations to carry into effect a law already passed is apparent and strikingly great, and this we understand to be the distinction recognized by all the courts as the true rule in determining whether or not in such cases a legislative power is granted." It will be thus seen that the basic distinction which is applied in determining the constitutionality of such acts is whether the legislature delegates power to enact *laws* or merely power to make *rules and regulations which have the force and effect of laws.* It follows that rules and regulations of such commissions are not laws in the legal sense of the term. Blackstone defines law as "a rule of civil conduct, prescribed by the *supreme power* in a State, commanding what is right and prohibiting what is wrong." 1 Blackstone's Com. 44. Rules of civil conduct are "laws when enacted by a State legislature." 4 Lea (Tenn.), 1, 9. "Law is defined as a rule prescribed by the sovereign power." Forepaugh *v.* Delaware &c. R. Co., 128 Pa. 217 (18 Atl. 503, 15 Am. St. R. 672, 5 L. R. A. 508). "Law

. . is a rule of civil conduct prescribed by the lawmaking power in the State." Second District Public-Service Com. *v.* New York Central R. Co., 193 App. Div. 615, 623 (185 N. Y. Supp. 267, 274). "The term law as defined by the elementary writers emanates from the sovereignty, and *not from its creatures."* People *v.* Bay City, 36 Mich. 186, 190. While rules of commissions may in some instances be defined as laws, the constitutional provision defining the jurisdiction of the Supreme Court refers to "laws of the State of Georgia," and the term construed in connection with the context and under the rulings heretofore referred to would seem to mean rules of conduct enacted by the sovereign power of the State, the General Assembly. In this particular there appears to be a conflict in the decisions of this court. In *Forbes* v. *Savannah,* 160 *Ga.* 701 (2) (128 S. E. 806), this court in a full-bench decision held that "a municipal ordinance passed in pursuance of legislative authority has the force of law, when it does not violate the constitution of this State or the United States, or the laws of the land (*Bearden* v. *City of Madison,* 73 *Ga.* 184), and is a law of this State," and the Supreme Court, under the constitutional amendment of 1916, supra, has jurisdiction of a case in which the constitutionality of such an ordinance is attacked. Subsequently, in *Thompson* v. *Atlanta,* 176 *Ga.* 489 (168 S. E. 312), *Elliott* v. *Augusta,* 177 *Ga.* 680 (170 S. E. 787), and *Stafford* v. *Valdosta,* 178 *Ga.* 224 (172 S. E. 461), all full-bench decisions, a contrary ruling was made by this court. No reference was made in these later decisions to the *Forbes* case, and it apparently was overlooked by the court. It being the older decision, and by a full bench, it is controlling until overruled. The decision in the *Forbes* case was based upon the ruling in *Bearden* v. *Madison,* supra. The *Bearden* case is authority only for the ruling that a municipal ordinance has the force of law, and not that an ordinance is a law of the State. In that case it was expressly held that such ordinances are mere police regulations of the municipal government. It thus appears that the *Forbes* decision was based upon an erroneous conception of the *Bearden* case. A municipality is a creature of the legislature (*Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871, 40 S. E. 1004, 57 L. R. A. 230; *Cain* v. *Smith,* 117 *Ga.* 902, 44 S. E. 5; *Farmer* v. *Thomson,* 133 *Ga.* 94, 99, 65 S. E. 180), deriving its powers and privileges from that body through its charter. Its

ordinances arc laws, but only laws of the municipality itself. *Floyd* v. *Commissioners*, 14 *Ga.* 354(2) (58 Am. D. 559) ; Code, § 69-704. A municipal corporation is a public corporation, a subordinate agent of the State, exercising governmental functions in a certain community (Code, § 22-103; *City of Atlanta* v. *Gate City Gas-Light Co.*, 71 *Ga.* 107; *Mayor &c. of Macon* v. *Hoge*, 71 *Ga.* 696; *Medical College* v. *Rushing*, 1 *Ga. App.* 468, 473, 57 S. E. 1083) ; and while an ordinance enacted by such governmental agency may in that sense be a law of the State, it is not a law of the State as is contemplated in the constitutional amendment of 1916 defining the jurisdiction of the Supreme Court and the Court of Appeals. Before the amendment of 1916, the constitution provided that "where, in a case pending in the Court of Appeals, a question is raised . . as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court," and that court "shall instruct the Court of Appeals on the question so certified." Code of 1910, § 6506. Under the law as it stood at that time the Court of Appeals had full power and authority to determine whether municipal ordinances were unconstitutional. *Wright* v. *Macon*, 5 *Ga. App.* 750 (64 S. E. 807) ; *Campbell* v. *Thomasville*, 6 *Ga. App.* 212 (64 S. E. 815). The amendment of 1916 provides that the Supreme Court shall have jurisdiction "in all cases in which the constitutionality of any law of the State of Georgia . . is drawn in question." Code, § 2-3005. After this amendment the Court of Appeals held that it has jurisdiction to determine as to the constitutionality of a municipal ordinance. *Neal* v. *Dublin*, 20 *Ga. App.* 263 (92 S. E. 1021) ; *Flood* v. *Savannah*, 25 *Ga. App.* 455, 457 (103 S. E. 720). In view of what has heretofore been said, and the jurisdiction of the Supreme Court before the amendment of 1916, we are of the opinion that the words "any law of the State of Georgia," as used in the amendment, mean enactments of the General Assembly. It follows that the ruling in *Forbes* v. *Savannah*, supra, is erroneous, and upon formal review it is hereby expressly overruled so far as it refers to the jurisdiction of the Supreme Court.

No law of the State of Georgia being attacked as unconstitutional, and no construction of any provision of the constitution of this State or of the United States being directly involved, the

Court of Appeals, and not the Supreme Court, has jurisdiction of the present case. It is ordered that the case be

*Remanded to the Court of Appeals. All the Justices concur.*