CITY COUNCIL OF AUGUSTA, for use, *v.* GARRISON *et al.*

JENKINS, Justice. Where a bill of exceptions with its record invokes jurisdiction of this court on the sole ground that a constitutional question is involved, but "raises only a question as to the constitutionality of a municipal ordinance, . . the Court of Appeals has jurisdiction, and the Supreme Court has no jurisdiction to decide the question raised by the bill of exceptions." *Hicks* v. *Dublin,* 183 *Ga.* 390 (188 S. E. 339), and cit. The former ruling in *Forbes* v. *Savannah,* 160 *Ga.* 701 (2) (128 S. E. 806), that a municipal ordinance not only "has the force of law," "but is a law of this State" within the meaning of the constitutional provision conferring jurisdiction on this court, was expressly overruled in *Maner* v. *Dykes,* 183 *Ga.* 118 (2), 121 (187 S. E. 699). Accordingly, this bill of exceptions in a suit which was brought by a city for the use of a person injured by an alleged tort in an automobile collision, and which seeks to recover damages on a bond of the defendant, required by a city ordinance and conditioned to pay for all injuries caused by the defendant's truck, must be transferred to the Court of Appeals. The demurrer, on which the petition was dismissed, and the remaining record raise no constitutional question other than by attack on the city ordinance, and no other question which would give jurisdiction to this court.

*Transferred to Court of Appeals. All the Justices concur.*

No. 14113. MAY 21, 1942.

*John F. Hardin* and *Pierce Brothers,* for plaintiff.
*Nathan Jolles* and *Isaac S. Peebles Jr.,* for defendants.