30320. RELIABLE TRANSFER COMPANY *et al.* v. MAY *et al.*

DECIDED FEBRUARY 16, 1944.

618

620

*Bussey, Fulcher & Hardin, T. Reuben Burnside, Stevens & Stevens,* for plaintiffs in error. *Randall Evans Jr., Jack D. Evans, Hull, Barrett, Willingham & Towill,* contra.

GARDNER, J. ■ We will first discuss the question as to whether the court erred in overruling the defendants' general demurrer. As to this question the allegations of fact in the petition are very similar to the allegations of fact in *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d, 698). Since the facts in the *Williams* case were discussed specifically and at length in that opinion, we have set out somewhat in detail the allegations of fact in the instant case. It is contended by counsel for the defendants that the *Williams* case is to be differentiated from the instant case, in that, (a) in paragraph 9 of the *Williams* case, habitual careless and negligent parking at a street intersection was shown; (b) the truck obstructed

the view; (c) the streets were heavily used both day and night; (d) motor vehicles were frequently driven at high rates of speed thereon; (e) the defendants knew that the streets were so used, or by the exercise of due prudence and care should have known thereof. It is contended that no such use of the street is set out in the instant case, and therefore no "foreseeability" is chargeable to the operators of the vehicles in the instant case, as was alleged in the *Williams* case. Boiled down, this contention on the part of the defendants is to the effect that the present petition does not allege such facts of negligence as could have been anticipated by them, and therefore no liability is shown. In support of this view counsel cite the following from the *Williams* case (page 338) : "Counsel rely on *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. Rep. 25), in which it was held in effect that where there has intervened between the defendant's negligence and the injury an independent illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. But even this rule would not apply if the defendant 'had reasonable grounds for apprehending that [such criminal act] would be committed.' *Henderson* v. *Dade Coal Co.,* 100 *Ga.* 568 (28 S. E. 251, 40 L. R. A. 95) ; *Hulsey* v. *Hightower,* 44 *Ga. App.* 455 (4) (161 S. E. 664). See also *Bozeman* v. *Blue's Truck Line* [62 *Ga. App.* 7, 11] ; 30 Am. Jur. 729, § 71; Restatement of the Law of Torts, 1196-1202, §§ 447, 448, 449. We have already stated that the allegations in the instant case were sufficient to show that the defendants should have anticipated or foreseen that some such injury might occur as a result of their own negligence in illegally parking the bakery truck; and this conclusion will stand even though it may appear that the negro driver was violating a criminal statute as to speed at a street intersection on the occasion in question. The more especially is this true in view of the averments in paragraph 9 as to heavy traffic and frequent high rates of speed at this intersection, which, it was alleged, were well known to the defendants, or should have been known to them. *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (2 a) (116 S. E. 57)." While it may be true that the conclusions drawn from the facts in the *Williams* case may be different from those in the instant case, after a careful comparison of

the petitions we are convinced that in so far as the doctrine termed "foreseeability" is concerned, the facts in the instant case are equally as strong as those in the *Williams* case. It is true that in so many words the knowledge of the dangerous results of the situation may not be as specifically pleaded as a conclusion, yet these features in the instant case are sufficiently pleaded to withstand a general demurrer. The petition (paragraph 33) alleged as follows: "That Jackson Street is a public highway, leading from Athens by Washington to Thomson, Wrens (or Stapleton), and to Jacksonville; and that Hill Street is a public highway leading from Augusta to Atlanta; and that the intersection of said streets is where the collision in this case occurred, and is inside the City of Thomson." It will be noted that the intersecting highways were designated and the cities and towns traversed were designated, and it was also alleged that the intersection of such highways was in an incorporated town. The character and nature of the motor vehicles involved in the collision were also alleged. These allegations are sufficient, if proved, to carry the case to a jury.

In the instant case the petition charged the defendants, at the time of the collision, with having violated the ordinances of the City of Thomson, the regulations of the Public Service Commission, and the laws of Georgia, as well as with negligence under the common law. This is permissible. *Williams* v. *Grier*, supra. Since we have set out the allegations of negligence, we will not repeat them here. The petition also charged that the driver of the gasoline truck which collided with the ambulance, as well as the driver of the ambulance, were guilty of negligence per se. On this point the court ruled in the *Williams* case as follows: "But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey traffic laws and regulations. *Central Railroad & Banking Co.* v. *Smith,* 78 *Ga.* 694 (4) (3 S. E. 397); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (8) (118 S. E. 488)." Therefore it would seem that from any viewpoint the instant case is controlled by the principles in the *Williams* case. Under the facts alleged, the contention that the instant case should be differentiated from the *Williams* case because in that case it was alleged positively that the view was blockaded, whereas in the instant case the allegations of fact only show a "partial" blockade of

vision, or circumstances which "tended" to blockade the vision, is without merit. It must not be overlooked that the allegations of fact and the conclusions drawn therefrom in the instant case are to the effect that the negligence of all parties defendant, including the defendants here, combined to produce the proximate cause of the injury. See *Atlanta, Birmingham and Coast Railroad Co.* v. *Loftin*, 67 *Ga. App.* 601, 606 (21 S. E. 2d, 290). Therefore it follows, and we conclude as a matter of law, that when the allegations of the petition are construed most strongly against the pleader, they set forth a cause of action, and the court did not err in overruling the general demurrer.

■ We come next to consider whether the court committed reversible error in overruling the demurrer, the objections to, and the motion to strike paragraphs 1, 2, and 3 of the amendment. (a) It is contended that rule 19 of the Public Service Commission relative to stopping, increasing the speed of, or changing the course of vehicles, if valid, is for the benefit of vehicles following, and not applicable to vehicles on intersecting highways. It is contended that it does not appear from the petition just where the truck of the defendants was parked, and it does not affirmatively appear that the ambulance in which the plaintiff was riding was following the truck of Reliable Transfer Company; and that rule 35 of the Public Service Commission is not applicable because no one here involved under the allegations of the petition is of the class for whose benefit this regulation was made. While these contentions are true as abstract principles of law, we can not agree with able counsel for the defendants that they are applicable under the facts of the instant case. We are of the opinion that the petition sufficiently located the truck to invoke these rules, and if the evidence sustained such allegations, this would be a sufficient basis for recovery. (b) It is urgently contended by the defendants that the Code, §§ 68-603, 68-627, and 68-629 are unconstitutional and in violation of art. 3, sec. 1, par. 1 of the constitution of the State of Georgia (Code, § 2-1201), in that such sections attempt to delegate to the Public Service Commission the power to legislate, and that all rules and regulations pursuant to such laws are void. Counsel contends that this specific question has not been passed on by the Supreme Court of Georgia. Numerous decisions are cited, dealing with the question as to just how far, under the provisions

of the State Constitution, the legislature can go in delegating its authority to a commission without violating such constitutional provision. The question before us is not so much the problem of how far the legislature may go in that field, but rather what authority this court has to determine as to the constitutionality of a rule passed by a commission to which such authority has been delegated. In *Maner* v. *Dykes,* 52 *Ga. App.* 715 (184 S. E. 438), a rule of the Public Service Commission was attacked. The point was there made that the rule "was [such] an unlawful delegation of authority upon the part of the legislature of the State of Georgia to the Public Service Commission of the State of Georgia, and was therefore in conflict and violation of the provisions of article 3, section 1, paragraph 1, of the constitution of the State of Georgia, which provides: 'The legislative power of the State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives.' " At that time this court, being of the opinion that the question thus raised involved a constitutional question with which this court was without constitutional authority to deal, transferred the case to the Supreme Court. That court, in *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699), remanded the case to this court. In the opinion the Supreme Court gives us a clear and concise opinion as to the authority of the Court of Appeals to pass on the constitutionality of rules of the several commissions of this State and of city ordinances. The Supreme Court there expressly overruled the decision in *Forbes* v. *Savannah,* 160 *Ga.* 701 (2) (128 S. E. 806), and in so doing said: "In *Forbes* v. *Savannah,* . . . this court in a full-bench decision held that 'a municipal ordinance passed in pursuance of legislative authority has the force of law, when it does not violate the constitution of this State or the United States, or the laws of the land (*Bearden* v. *City of Madison,* 73 *Ga.* 184), and is a law of this State,' and the Supreme Court, under the constitutional amendment of 1916, supra, has jurisdiction of a case in which the constitutionality of such an ordinance is attacked. Subsequently, in *Thompson* v. *Atlanta,* 176 *Ga.* 489 (168 S. E. 312), *Elliott* v. *Augusta,* 177 *Ga.* 680 (170 S. E. 787), and *Stafford* v. *Valdosta,* 178 *Ga.* 224 (172 S. E. 461), all full-bench decisions, a contrary ruling was made by this court." The *Forbes* decision was overruled on the ground that it erroneously held that a municipal ordinance "is a law of this State," and that the Su-

preme Court and not the Court of Appeals had authority to pass upon its constitutionality. Further quoting from the Supreme Court decision in the *Maner* case, it was stated: "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Code, §§ 2-3005, 2-3009), the Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given set of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty. *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Dennard* v. *State,* 176 *Ga.* 361 (168 S. E. 310). The rule of the Public Service Commission is not a 'law of the State' within the meaning of that term as used in the provisions of the constitution defining the jurisdiction of the Supreme Court. This court has recognized the distinction between laws of the State and rules and regulations having the effect of laws. In *Georgia Railroad* v. *Smith,* 70 *Ga.* 694, 699, involving the constitutionality of an act of the legislature granting power to the Railroad Commission of this State to promulgate rules and regulations as to fair and reasonable rates to be charged by railroads, this court said: 'The difference between the power to pass a law and the power to adopt rules and regulations to carry into effect a law already passed is apparent and strikingly great, and this we understand to be the distinction recognized by all the courts as the true rule in determining whether or not in such cases a legislative power is granted.' It will be thus seen that the basic distinction which is applied in determining the constitutionality of such acts is whether the legislature delegates power to enact laws or merely power to make *rules and regulations which have the force and effect of laws.* It follows that rules and regulations of such commissions are not laws in the legal sense of the term." After the case had been remanded to the Court of Appeals by the Supreme Court, this court, in *Maner* v. *Dykes,* 55 *Ga. App.* 436, 438 (190 S. E. 189), on the question before it decided in part: "(*a*) Such rule of the Public Service Commission was not beyond its authority

to promulgate (Code, §§ 68-603, 68-627, 68-629), and was not an unlawful delegation of authority on the part of the legislature of this State to the Public Service Commission. Neither was said rule in conflict with and a violation of the provisions of article 3, section 1, paragraph 1 of the constitution of this State, which provides that 'The legislative power of the State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives.' Code, § 2-1201; *Southern Ry. Co.* v. *Melton,* 133 *Ga.* 277 (65 S. E. 665). (*b*) The Public Service Commission is given authority to regulate the business of carrying freight for hire over the highways of this State. Code, § 68-603. The above rule of the commission was made and adopted by it pursuant to and in accordance with the provisions of the motor common-carrier act of 1931 (Ga. L. 1931, 199; Code, § 68-601, et seq.). This law is full and comprehensive in its terms, and leaves to the commission the working out of the details, which the commission has done by the passage of rules in compliance therewith." To our minds that clearly settles the issue adversely to the contentions of the defendants. We can not be impressed with the contention of counsel for defendants that the constitutional question has been raised here for determination that the legislative act creating the Public Service Commission is a violation of the constitutional provisions above set forth, any more in the instant case than in the *Maner* case, supra. Here, as there, we are dealing with the alleged unconstitutionality of a rule or regulation passed by the Public Service Commission, and not a law of the State; and as we would be in dealing with a city ordinance if that were before us and not with the constitutionality of the legislative act creating the charter. It seems to be well settled, both by the decisions of the Supreme Court and this court, that the Court of Appeals has authority to pass upon the constitutionality of an ordinance of a municipality, or of a regulation of the Public Service Commission. In *Maner* v. *Dykes* (55 *Ga. App.*), supra, we have passed adversely upon the contentions of the defendants in the instant case. We are requested to certify this particular question to the Supreme Court. Since in our opinion the Supreme Court has already held that the constitution of Georgia confers exclusive jurisdiction on this court to pass upon the constitutionality of a regulation of the Public Service Commission, on appeal, and since this court has

passed upon the identical question in *Maner* v. *Dykes,* supra, and since we are of the same opinion now as then, we must decline to certify the question. From what we have said above, it follows that the court did not err in the judgment excepted to, for any reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*