DADE COUNTY *et al.* v. THE STATE OF GEORGIA *et al.*

No. 16057.  FEBRUARY 10, 1948.

*Gleason & Painter,* for plaintiffs in error.

*Warren Aiken, Solicitor-General,* and *Shaw & Shaw,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The bill of exceptions contains a statement that a case is presented that involves the construction of a provision of the Constitution of Georgia, "because the City of Trenton, . . ' is attempting to validate revenue certificates authorized by the provisions of article 7, section 7, paragraph 5, of the Constitution of Georgia, which constitutional provision authorizes the issuance of revenue-anticipation certificates for the purposes enumerated in the acts of 1939 (pages 362-366), and because the resolution adopted by the Mayor and Council of the City of Trenton is in violation of section 2 of the acts of 1939, in that said resolution pledges the entire revenues from said water system, which is now owned by the City of Trenton to the purchasers of said revenue certificates and divests from said city its pro rata part of said income required by the provisions of the Constitution of Georgia to be held and owned by the City of Trenton, and creates a debt against the property of the City of Trenton, in violation of the same constitutional provision."

Where a bill of exceptions with its record invokes jurisdiction of this court on the sole ground that a constitutional question is involved, but raises only a question as to the constitutionality of a municipal ordinance, the Court of Appeals has jurisdiction, and the Supreme Court has no jurisdiction to decide the question raised by the bill of exceptions. *Thompson* v. *Atlanta,* 176 *Ga.* 489 (168 S. E. 312) ; *Elliott* v. *Augusta,* 177 *Ga.* 680 (170 S. E. 787) ; *Stafford* v. *Valdosta,* 178 *Ga.* 224 (172 S. E. 461) ; *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699) ; *Hicks* v. *Dublin,* 183 *Ga.* 390 (188 S. E. 339) ; *City Council of Augusta* v. *Garrison,* 193 *Ga.* 893 (20 S. E. 2d, 430) ; *Reliable Transfer Co.* v. *May,* 70 *Ga. App.* 613 (2), 624 (29 S. E. 2d, 187).

Assuming without deciding that the allegations set forth in the amendment to the intervention are sufficient to attack the constitutionality of the city ordinance in question, the record now before the court raises no constitutional question other than by attack on the city ordinance, and no other question being involved which under article 6, section 2, paragraph 4 of the Constitution of 1945 (Code, Ann. Supp., § 2-3704) would confer jurisdiction on the Supreme Court, the case is

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*