RESPESS *v.* LITES *et al.*

WYATT, Justice. Julian Respess filed in Fulton Superior Court his petition, in which he named Mattie Chauncey Respess Lites and Raymond Pat Lites as defendants. So far as is here pertinent, he alleged in substance that the defendants were his former wife and her present husband; that Martha Jeanette Respess is the daughter of the petitioner and his former wife, one of the defendants; that the petitioner and his former wife were divorced in September, 1943, and the custody of the minor daughter was awarded to his wife; that thereafter she married the defendant, Raymond Pat Lites; that soon thereafter the defendants filed a petition in Fulton Superior Court for the adoption of Martha Jeanette Respess, and on December 16, 1946, she was duly adopted by order of the Superior Court of Fulton County. The petition prays "that said adoption be opened for a hearing; that said adoption decree be declared null and void." The allegations upon which this

relief is sought are to the effect that, at the time of the adoption proceedings, the petitioner was serving a sentence in prison; that he employed counsel to represent him in the adoption proceeding, but the counsel employed did not properly represent him for the reason that he did not have the petitioner brought from prison in order to be personally present at the hearing, and did not secure a ruling on the demurrers filed in the adoption proceedings; and that the petitioner did not know that any hearing was actually had on the adoption proceedings. The trial judge denied the prayers of the petition, and the exception is to this judgment. *Held:*

Under the allegations of the petition and the prayers, seeking only to annul an adoption decree, the Court of Appeals and not this court has jurisdiction of the writ of error. Compare *Presley* v. *Presley*, 77 *Ga. App.* 99 (47 S. E. 2d. 647).

*Transferred to the Court of Appeals. All the Justices concur, except Almand, J., who is disqualified.*

No. 16827. OCTOBER 10, 1949.

*Francis Y. Fife* and *Mamie Booth*, for plaintiff.