AIKEN *v.* RICHARDSON; *et vice versa.*

HEAD, Justice. 1. "Jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or woud be contrary to some provision of the Constitution." *City of Waycross* v. *Harrell*, 186 *Ga.* 833, 834 (199 S. E. 119); *Head* v. *Edgar Brothers Co.,* 187 *Ga.* 409 (200 S. E. 792); *White* v. *State,* 196 *Ga.* 847, 849 (27 S. E. 2d, 695).

2. "A constitutional question can not be raised for the first time in the Supreme Court. Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." *Loftin* v. *Southern Security Co.,* 162 *Ga.* 731 (3) (134 S. E. 760), and cases cited. Assignments of error upon constitutional questions which are raised for the first time in the bill of exceptions can not be considered by this court. *Dunaway* v. *Gore,* 164 *Ga.* 219, 221 (138 S. E. 213); *Bell* v. *Bell,* 193 *Ga.* 291 (18 S. E. 2d, 473); *Thompson* v. *Allen,* 195 *Ga.* 733 (25 S. E. 2d, 423).

3. In this case there is no attack upon the constitutionality of any statute. By exceptions pendente lite (upon which error is assigned in the main bill), the plaintiff in error attacked certain orders or judgments of the trial court as being violative of stated provisions of the Constitution. No constitutional question having been made in the trial court, and the case not otherwise being within the jurisdiction of the Supreme Court, this court does not have jurisdiction of the writs of error, and they are, accordingly,

*Transferred to the Court of Appeals. All the Justices concur.*

Nos. 17375, 17380. MARCH 12, 1951. REHEARING DENIED MARCH 26, 1951.

*G. Seals Aiken, Jay D. Bradley,* and *Ben F. Sweet,* for plaintiff in error.
*Hugh Dorsey* and *Jones, Williams, Dorsey & Kane,* contra.