## HERRIN *et al. v.* GRAHAM.

HAWKINS, Justice. Plaintiffs in error instituted this statutory proceeding, seeking to adopt Barbara Virginia Barnett, alleged to have been born February 17, 1943, and then residing with them, upon the ground that the child had been abandoned by her father and mother. Mrs. Mabel Graham filed an answer, alleging that she is the mother of said child, but denying that she had ever abandoned her daughter, and further alleging that the child had been secretly taken out of the State of Tennessee by persons unknown to her, without her consent, and that she had been unable to locate her child until a few days prior to the filing of her answer and protest. While the bill of exceptions recites that at said hearing "petitioners contended that so much of the act of 1941 (Ga. L. 1941, p. 300, Code, Ann. Supp., § 74-413) which provides that 'The court at such time shall give consideration to the investigation report and to the recommendations therein contained,' was illegal and contrary to the Constitution and laws of this State," upon the ground that it did not provide them with any opportunity to cross-examine under oath the persons furnishing the information contained in the report, and "petitioners now contend that said statutory provisions are illegal and contrary to law and to the provisions of the Constitution"—it is further recited in this same exception that "Counsel for neither side requested an order to see said report of the State Department of Public Welfare, and the court did not state or intimate whether or not he considered said report in any way," and no ruling of the trial court was invoked on this question, and the only reason given for this court having jurisdiction of this writ of error is that "same involves custody of a minor child." *Held:*

1. "Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." *Loftin* v. *Southern Security Co., 162 Ga.* 730 (3) (134 S. E. 760). See also *Aiken* v. *Richardson, 207 Ga.* 735 (64 S. E. 2d, 54).

2. "A proceeding instituted under the Code, § 74-401 et seq., is purely statutory, and does not fall within the classification of any cases of which the Supreme Court has jurisdiction. The instant case being on exception to a judgment rendered in such a proceeding, the Court of Appeals, and not the Supreme Court, has jurisdiction thereof." *Criswell* v. *Jones, 187 Ga.* 55 (199 S. E. 804). See also *Respess* v. *Lites, 206 Ga.* 8 (55 S. E. 2d, 602).

*Transferred to the Court of Appeals. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17924. SUBMITTED JULY 14, 1952—DECIDED JULY 15, 1952.

*Kimzey & Kimzey,* for plaintiffs in error.

*Bess Blake, Glenn W. Ellard* and *Ellard & Frankum,* contra.