## 32441. BOWERY SAVINGS BANK et al. v. DeKALB COUNTY et al.

BOWLES, Justice.

Appellants filed a suit for declaratory judgment against the appellee, DeKalb County. The petition sought to declare that appellants were not liable for payment of

water, sewer and sanitary services rendered to prior owners of the properties that are now owned by the appellants. Appellants further prayed that the trial court issue an order permanently enjoining appellees from disconnecting such services and from initiating lien foreclosure proceedings with respect to the said properties.

In granting the appellees' motion for summary judgment and denying appellants' injunctive relief, the trial court held that certain ordinances in the DeKalb County Code validly authorized the county to terminate water, sewage and sanitary services to the appellants even though these debts had been incurred by previous owners of the property. Further, the court found that the county's lien for delinquent water, sewer and sanitary services was not subordinate to appellants' prior recorded deeds to secure debt upon the properties.

In filing their appeal to this court the appellants contend that we have jurisdiction because "the action involves questions of the granting of equitable relief and the constitutionality of laws or ordinances of a political subdivision of the State of Georgia."

Without reaching the merits of appellees' contention that the constitutional questions raised on appeal were not raised in the lower court and, therefore, not properly reviewable by an appellate court, we recognize that this court does not have jurisdiction of all constitutional questions, but only those which involve the construction of the Georgia and the United States Constitutions, or the constitutionality of state or federal laws. The Constitution provides nothing with respect to our jurisdiction over questions involving the constitutionality of county ordinances. *Beard v. City of Atlanta,* 211 Ga. 25 (83 SE2d 594) (1954); *Shipman v. Johnson,* 210 Ga. 174 (78 SE2d 515) (1953); *Dade County v. State,* 203 Ga. 280 (46 SE2d 345) (1948). Since appellants' constitutional attack concerns ordinances of the County of DeKalb, the Court of Appeals, not this court, has jurisdiction.

The equitable issue, concerning permanent injunction is ancillary to the declaratory relief sought, since, if the declaration is for the appellant the injunction

will issue but if against the appellant it will be denied. "It is clear therefore that the injunction issue is one of mere form and that the substantive question on appeal is a legal question over which the Court of Appeals has appellate jurisdiction." *Baranan v. Ga. State Bd., Nursing Home Admin.*, 239 Ga. 122 (1977).

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 15, 1977 — DECIDED JULY 15, 1977.

*Sutherland, Asbill & Brennan, Haynes R. Roberts,* for appellants.

*Wendell K. Willard, Dillard & Shearer, George P. Dillard,* for appellees.