A91A1471. SPIRES et al. v. KIM et al.
(416 SE2d 780)

CARLEY, Presiding Judge.

After their child was born with a congenital birth defect, appellant-plaintiffs, in their individual capacities and as next friends of their child, brought the instant tort action against appellee-defendants obstetrician and his professional corporation. In their individual capacities, appellants alleged a "wrongful birth" claim and, as the next friends of their child, they alleged a "wrongful life" claim. Appellants appeal from the order of the trial court granting appellees' motion to dismiss for failure to state a claim.

1. Appellants alleged that they were deprived of the opportunity to abort their child by appellees' negligent failure to conduct an additional sonogram and by appellees' fraudulent failure to disclose that an additional sonogram had been recommended by other health care professionals. Although couched in terms of fraud, as well as negligence, these claims are for medical malpractice. " 'Wrongful birth' and 'wrongful life' actions are both species of malpractice claims wherein relief is sought for *allegedly negligent or intentional treatment or advice that has deprived the parents of the opportunity to abort a fetus* and thereby avoid the birth of an impaired child. An action for 'wrongful life' is brought on behalf of an impaired child and alleges basically that, but for the treatment or advice provided by the defendant to its parents, the child would never have been born. An action for 'wrongful birth' is brought by the parents of an impaired child and alleges basically that, but for the treatment or advice provided by the defendant, the parents would have aborted the fetus, thereby preventing the birth of the child." (Emphasis supplied.) *Atlanta Ob. & Gyn. Group v. Abelson*, 260 Ga. 711, 713 (398 SE2d 557) (1990). Our Supreme Court has held that "wrongful life" claims implicitly and "wrongful birth" claims explicitly "shall not be recognized in Georgia absent a clear mandate for such recognition by the legislature." *Atlanta Ob. & Gyn. Group v. Abelson*, supra at 714. Subsequent to the Supreme Court's decision on *Abelson*, no such clear mandate from the legislature has been forthcoming. Accordingly, under the controlling precedent of the Supreme Court of Georgia, the trial court correctly dismissed the complaint for failure to state a

claim upon which relief may be granted.

2. Although appellants urged below and now urge on appeal that the decision in *Abelson* is violative of their constitutional right of due process, that argument can, of course, be successfully advanced only in the Supreme Court because only that court is empowered to overrule that decision. The question thus becomes whether appellant's advancement of this argument constitutes a viable predicate for transferring the instant case to the Supreme Court. In making that determination, it must be borne in mind that the Supreme Court "does not have jurisdiction of all constitutional questions, but only those which involve the construction of the Georgia and the United States Constitutions, or the constitutionality of state or federal laws." *Bowery Savings Bank v. DeKalb County*, 239 Ga. 398, 399 (236 SE2d 757) (1977).

Appellants certainly do *not* raise any issue of constitutional construction. To the contrary, they contend that the United States Constitution has *already* been unambiguously construed insofar as their abortion rights are concerned and that the decision in *Abelson* is violative of that unambiguous construction. Thus, appellants do not seek a construction of any constitutional provision, but a reconstruction of the judicial decision in *Abelson* in light of certain constitutional provisions.

While the decision in *Abelson* may be the law of this state, it is not a state "law" so that the Supreme Court would have jurisdiction over any case wherein a constitutional challenge had been raised to its continued viability. See *Maner v. Dykes*, 183 Ga. 118, 121 (187 SE 699) (1936) (holding that, for purposes of jurisdiction in the Supreme Court, state "laws" are deemed to be only "enactments of the General Assembly"). Since appellants do not question the constitutionality of any state "law," but merely urge that a judicial decision be overruled as contrary to certain constitutional provisions, jurisdiction would *not* be in the Supreme Court. " 'Jurisdiction is not vested in the Supreme Court merely because it is contended that an action or judgment is or would be contrary to some provision of the Constitution.' [Cits.]" *Aiken* v. *Richardson*, 207 Ga. 735 (1) (64 SE2d 54) (1951).

The instant case is neither more nor less than a medical malpractice action and the constitutional provisions regarding the appeal of such a case could not be clearer. Medical malpractice actions and any other class of cases not otherwise enumerated in Art. VI, Sec. VI, Par. III are appealable to *this court* unless they fall within the ambit of Art. VI, Sec. VI, Par. II (1). If the Supreme Court had jurisdiction over the instant case pursuant to Art. VI, Sec. VI, Par. II (1), it would have jurisdiction over *any and all cases* not otherwise enumerated in Art. VI, Sec. VI, Par. III, based merely upon the invocation of a constitutional provision and the allegation that a prior opinion of the Su-

preme Court was, for some reason, violative of that constitutional provision. As noted, any contention that this court's appellate jurisdiction can be evaded by such a loose construction of Art. VI, Sec. VI, Par. II (1) has long since been rejected. Appellants themselves have recognized and followed the applicable procedure for securing an appellate review of their case. They filed a timely notice of appeal to this court and have not requested a transfer of their case to the Supreme Court. Instead, they have acknowledged in their brief that *Abelson* "is binding upon this court [and that] these issues are appealed for purposes of perfecting the record on any Petition for Certiorari later filed." This is, of course, the applicable procedure to be followed in any case wherein this court otherwise has jurisdiction and it is simply urged that controlling Supreme Court authority was wrongly decided. It is this court that has jurisdiction over this medical malpractice case and, in performance of our constitutional function, we hereby affirm the judgment based upon what we believe to be the controlling Supreme Court decision in *Abelson*. Under the constitution of this state, appellants can now seek a writ of certiorari on the ground that that Supreme Court decision should be overruled because it is violative of their due process rights.

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Cooper and Andrews, JJ., and Judge Arnold Shulman concur. Pope and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent. As to the constitutional claim, the majority rules that the due process ground must be advanced in the Supreme Court. I agree, but that means that the case should be transferred to the Supreme Court.

Plaintiffs raised a federal due process ground, in support of at least their wrongful birth claim, in the first brief below in opposition to the motion to dismiss. They also made an equal protection argument but did not identify it as such. In addition, they raised state and federal due process and equal protection grounds as to the medical malpractice claims and, if charitably construed, to the fraud claim, in their supplemental brief in opposition to the motion to dismiss, although they cited the wrong Georgia constitutional paragraph for the equal protection provision; it is in paragraph 2, not paragraph 1.

The trial court ordered dismissal of the entire complaint, sub silentio on the fraud count and as to the constitutional grounds; it refers only to *Atlanta Ob. & Gyn. Group v. Abelson*, 260 Ga. 711 (398 SE2d 557) (1990), as controlling.

Thus at least some of the constitutional grounds, minimally with respect to the medical malpractice claims, were raised and ruled on below. That makes them subject to appellate review. The Court of

Appeals does not have jurisdiction to give that review because, although appellants are not challenging a *statute* as being unconstitutional, they are challenging the absence of a cognizable cause of action as being unconstitutional. The Supreme Court in *Abelson* refused to create a common law cause of action for wrongful birth, but it did not address the question of whether state or federal due process or equal protection would require the acknowledgment of such a cause of action even in the absence of statute. Appellee acknowledges that federal constitutional rights were not addressed by the Georgia Supreme Court in *Abelson*.

Of course, the Court did not rule that there was no common law cause of action for wrongful life, although in dicta it hinted that it would not create one. The third count, the claim of fraud, was not involved at all in the *Abelson* case.[1]

This court would have to address the properly raised constitutional claims unless the phrase in Ga. Const., Art. VI, Sec. VI, Par. II (1), "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia or of the United States . . ." embraces the issues. The Supreme Court would have exclusive jurisdiction at least as to the wrongful birth claim, because plaintiffs are challenging on constitutional grounds the Supreme Court's refusal to give legal cognizance to a claim for wrongful birth as a common law cause of action. The case should be transferred to it.

*Maner v. Dykes*, 183 Ga. 118, 121 (187 SE 699) (1936), is a case in which the constitutionality of a Public Service Commission rule was drawn into question. The court held that such was not a "law of the State of Georgia," as that term was used in the 1916 Act amending the State Constitution with respect to appellate jurisdiction.[2] Here the claim is that the *lack* of a statutory right of action violates the Federal Constitution, and that in the absence of such, the court is compelled to give common law cognizance to one.

It does not appear in *Aiken v. Richardson*, 207 Ga. 735 (64 SE2d 54) (1951), that appellant was challenging the constitutionality of the absence of a statutory right of action as here. The "plaintiff in error" in that case simply "attached certain orders or judgments of the trial court as being violative of stated provisions of the Constitution," but the opinion does not disclose the grounds of that party's challenge.

I am authorized to state that Judge Pope joins in this dissent.

---

[1] The majority opinion does not address the fraud count as a separate cause of action. It was presented by a First Amendment to Plaintiffs' Complaint, pursued, dismissed by the court, and included in the appeal.

[2] Whether "a law," as referred to in the 1983 Constitution of Georgia, Art. VI, Sec. VI, Par. II (1), has the same meaning as given by the Supreme Court to the 1916 amendment to the 1877 Constitution is not for us to say.

306

Decided February 20, 1992 —
Reconsideration denied March 11, 1992 — 

*William Q. Bird*, for appellants.
*Newton, Smith, Durden, Kaufold & McIntyre, Wilson R. Smith*, for appellees.