A93A0893. GALE et al. v. OBSTETRICS & GYNECOLOGY OF ATLANTA, P. C. et al.
(445 SE2d 366)

Judge Harold R. Banke.

The appellants, Robin and Kevin Gale, brought this action against the appellees alleging medical malpractice, breach of contract, and breach of confidential relationship based on the medical treatment rendered by the appellees during the course of Mrs. Gale's pregnancy which resulted in her giving birth to a child with Down's Syndrome. The trial court dismissed the action for failure to state a claim upon which relief could be granted, resulting in this appeal.

This court originally transferred the appeal to the Supreme Court, on the ground that the constitutionality of a law appeared to be at issue. However, the Supreme Court returned the case to this court for determination of the issues.

1. The appellants' complaint alleged that Mrs. Gale was not informed of the results of a pre-natal serum Alpha-Fetoprotein test which indicated she was at increased risk of delivering a child with

Down's Syndrome; that the appellees failed to order further diagnostic testing; that the appellees falsely assured Mrs. Gale that her pregnancy was normal; that Mrs. Gale was subjected to rigorous and painful treatment to stop repeated efforts by her body to spontaneously abort the pregnancy; and that the appellees' failure to inform resulted in the appellants' being deprived of the opportunity to make an informed decision concerning the course of Mrs. Gale's pregnancy which would have included the option of a therapeutic abortion. Though couched in terms of breach of contract, breach of confidential relationship, and negligence, the cause of action set forth in their complaint is, in reality, one for wrongful birth.

In *Atlanta Ob. & Gyn. Group v. Abelson*, 260 Ga. 711 (398 SE2d 557) (1990), "[o]ur Supreme Court . . . held that 'wrongful life' claims implicitly and 'wrongful birth' claims explicitly 'shall not be recognized in Georgia absent a clear mandate for such recognition by the legislature.' [Cit.] Subsequent to the Supreme Court's decision on *Abelson*, no such clear mandate . . . has been forthcoming. Accordingly, under the controlling precedent of the Supreme Court of Georgia, the trial court correctly dismissed the complaint for failure to state a claim upon which relief may be granted." *Spires v. Kim*, 203 Ga. App. 302, 303 (1) (416 SE2d 780) (1992).

The appellants urge this court to find that the *Abelson* decision is unconstitutional. However, this court has no authority to overrule or modify a decision of the Supreme Court of Georgia as "[t]he decisions of the Supreme Court [of Georgia] shall bind all other courts as precedents." Ga. Const. 1983, Art. VI, Sec. VI, Par. VI.

2. The appellants also contend that the trial judge abused her discretion by failing to recuse herself due to a conflict of interest and the appearance of impropriety, because (1) the trial judge was once employed by the law firm which represented some of the appellees; (2) the judge was aided by that law firm in the process of her appointment to the Georgia Supreme Court; and (3) the judge laughed with some of the appellees' attorneys during the presentation of the appellants' case.

However, these charges are not supported by citations to the record as required by Court of Appeals Rule 15 (c) (3) (ii). "It is not the function of this court to cull the record on behalf of a party in search of instances of error. ' "The burden is upon the party alleging error to show it affirmatively by the record." ' [Cit.]" *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (1) (386 SE2d 709) (1989). As the appellants have not met this burden, the judgment of the trial court will not be disturbed.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 23, 1994.

*Linda D. Thompson*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Stephen H. Sparwath, Alston & Bird, Judson Graves, Holly B. Barnett*, for appellees.