A98A1318. ETKIND et al. v. SUAREZ et al.
(505 SE2d 831)

SMITH, Judge.

Appellants in this action frankly state that "[t]his medical malpractice action seeks to change the law on wrongful birth by obtaining a ruling that *Atlanta Obstetrics & Gynecology Group v. Abelson*, 260 Ga. 711 [(398 SE2d 557)] (1990) . . . no longer applies." As in *Abelson*, appellants are attempting to bring a "wrongful birth" action against an obstetrician for failure to determine during the mother's pregnancy that their child was suffering from Down's syndrome. After a lengthy discussion of the problems inherent in such a cause of action, the Supreme Court of Georgia declined to create one, deferring to the legislature as a more appropriate forum to consider all the policy questions involved. Id. at 718-719. *Abelson* has been followed repeatedly by this Court. See *Gale v. Obstetrics &c. of Atlanta*, 213 Ga. App. 614, 615 (1) (445 SE2d 366) (1994) (failure to diagnose Down's syndrome); *Vance v. T. R. C.*, 229 Ga. App. 608, 614 (494 SE2d

714) (1997) (child has no claim for wrongful birth based on illegitimacy); *Spires v. Kim*, 203 Ga. App. 302, 303 (2) (416 SE2d 780) (1992) (no claim for wrongful birth based on unspecified birth defect).

Appellants raise a series of policy arguments, in essence contending that this Court should somehow overrule or distinguish *Abelson*. But as this Court observed in *Gale*, supra, "this court has no authority to overrule or modify a decision of the Supreme Court of Georgia as 'the decisions of the Supreme Court (of Georgia) shall bind all other courts as precedents.' Ga. Const. 1983, Art. VI, Sec. VI, Par. VI." *Gale*, supra at 615 (1).

Relying on one of the dissents in *Abelson* to point out that medical science has progressed since that decision, 260 Ga. at 723 (Benham, J., dissenting), appellants contend that the case should be distinguished. But the majority in *Abelson* relied on this same reasoning to conclude that the courts will not create a new cause of action, leaving such decisions to the legislature. Id. at 718. Appellants also cite numerous decisions from other jurisdictions that are wholly irrelevant in the face of a Supreme Court of Georgia decision directly on point. Finally, the multiple constitutional issues raised by appellants were explicitly rejected in *Spires*, supra.

Nor do we have the authority to transfer this case to the Supreme Court. See *Spires*, supra. Unlike appellants here, the appellants in *Spires* "acknowledged in their brief that *Abelson* 'is binding upon this court (and that) these issues are appealed for purposes of perfecting the record on any Petition for Certiorari later filed.' This is, of course, the applicable procedure to be followed in any case wherein this court otherwise has jurisdiction and it is simply urged that controlling Supreme Court authority was wrongly decided. It is this court that has jurisdiction over this medical malpractice case and, in performance of our constitutional function, we hereby affirm the judgment based upon what we believe to be the controlling Supreme Court decision in *Abelson*. Under the constitution of this state, appellants can now seek a writ of certiorari on the ground that that Supreme Court decision should be overruled because it is violative of their due process rights." Id. at 304.[1]

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 24, 1998 — 

*Myles E. Eastwood*, for appellants.

---

[1] We note that certiorari was denied in *Spires*, 203 Ga. App. 907.

*Alston & Bird, Judson Graves, Sterling G. Culpepper*, for appellees.