## A91A1872. NAZLI et al. v. SCOTT.
## A91A1873. VIDANAGAMA et al. v. SCOTT.
(417 SE2d 187)

SOGNIER, Chief Judge.

John A. Scott filed a medical malpractice action against Agustin Aguilar, M.D., Mehmet H. Nazli, M.D., Anne Vidanagama, M.D., their professional corporations, and others. The original action was dismissed without prejudice, and the instant action was filed approximately one month before the expiration of the statutory six-month renewal period set forth in OCGA § 9-2-61, and after the expiration of the statute of limitation. Nazli, Vidanagama, and their professional corporations filed motions to dismiss the complaint on the grounds of insufficiency of process and service of process. The trial court denied their motions but granted a certificate of immediate review. We authorized these interlocutory appeals.

The record establishes that when the renewal action was filed, upon appellee's motion the trial court ordered the appointment of Daryl Washington as special agent for service of process as authorized by OCGA § 9-11-4 (c). In an affidavit proffered in opposition to appellants' motions to dismiss, Washington averred that he had perfected service on both Nazli and Nazli's professional corporation by leaving with Nazli's wife, at their residence, a copy of the complaint and certain discovery documents. In other affidavits, Washington averred that he had accomplished service on appellants Vidanagama and her

professional corporation by leaving copies of the same documents with Mildred Willis, Vidanagama's office manager, at a specified address (which is not Vidanagama's residence).

1. Nazli's professional corporation contends the trial court erred by denying its motion to dismiss the complaint on the ground that the service effected upon Nazli's wife was insufficient as to the professional corporation because Ms. Nazli was not an agent authorized to accept service on its behalf. We agree with the professional corporation that OCGA § 9-11-4 (d) (1) requires that service be accomplished upon a corporation by serving "the president or other officer . . . , secretary, cashier, managing agent, or other agent" of the professional corporation. See *DeJarnette Supply Co. v. F. P. Plaza*, 229 Ga. 625 (193 SE2d 852) (1972). We have examined the record carefully, however, and find that it contains nothing, beyond the bare assertion in the brief, showing that Ms. Nazli was *not* such an agent of the corporation. "The burden of showing harmful error is on appellant, which he must do by the record, not by assertions appearing only in his brief or in his enumerations of error. Where there is nothing in the record to support a contention of error, nothing is presented to this court for review." (Citations and punctuation omitted.) *Sun v. Bush*, 179 Ga. App. 80, 81 (4) (345 SE2d 85) (1986). Given the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, see *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989), since the record provides no support for Nazli's corporation's claim of improper service, we must affirm the trial court's judgment in this regard.

2. Appellants contend that service was insufficient as to each of them because Washington failed to include a summons in the documents he served upon them. In this renewal action, the tolling of the statute of limitation was dependent on the diligence of the plaintiff in effecting timely service after filing. See *Watters v. Classon*, 193 Ga. App. 493, 494 (1) (388 SE2d 397) (1989). Thus, if it had been shown that service was not accomplished properly, the plaintiff would have borne the burden of showing lack of fault, to establish its diligence. *Bible v. Hughes*, 146 Ga. App. 769, 771 (247 SE2d 584) (1978); *Watters*, supra. If it were shown that service was not made in conformity with the requirements of OCGA § 9-11-4, unless these requirements were waived by appellants no jurisdiction over them was obtained and the statute of limitation was not tolled. See *DeJarnette Supply Co.*, supra. Appellants were required to support their defenses of insufficiency of process and service of process with evidence. As the trial court denied appellants' motions to dismiss, we must presume they did not do so, unless presented with evidence to the contrary. *Sun*, supra. Appellants bear the burden of showing error by the record, and the record on appeal in this case does not affirmatively show that ser-

vice was improperly accomplished. Although appellants assert in their briefs that they were not served with summons, the evidence of record is insufficient to support the truth of this assertion. The affidavits of Washington are simply silent as to whether he served appellants with summons. No affidavits were filed by appellants averring of their own personal knowledge that they were not served with summons and appellee filed no affidavit showing summons was served.[1] Accordingly, as the record fails to support this enumeration of error, we must affirm the trial court's judgment in this regard as well. *Sun*, supra.

3. Vidanagama maintains that service upon Willis was insufficient to obtain personal jurisdiction over her individually. OCGA § 9-11-4 (d) (7) provides that with certain exceptions listed elsewhere in the statute which are not applicable here, an individual defendant must be served "personally, or by leaving copies [of the complaint and summons] at [her] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Appellee concedes, and we agree, that the record contains sufficient evidence to have authorized the trial court to conclude that service on Willis, Vidanagama's office manager, was not in compliance with OCGA § 9-11-4 (d) (7) and was thus insufficient as to Vidanagama personally. See *Adams v. Gluckman*, 183 Ga. App. 666-667 (1) (359 SE2d 710) (1987).

We recognize, as appellee argues, that it is well established that process or proof of service thereof may be amended "in [the trial court's] discretion and upon such terms as [the trial court] deems just." OCGA § 9-11-4 (h). However, in the case sub judice, the record shows that appellee did not seek to amend or correct the deficiency by serving Vidanagama personally at any time before the trial court ruled on appellants' motion to dismiss, thereby distinguishing this case from *Mincey v. Stamper*, 253 Ga. 301, 302-304 (2) (319 SE2d 857) (1984), cited by appellee (no laches on part of plaintiff in perfecting service after original service shown to be defective because amended process filed within same term of court). Consequently, at the time the trial court ruled on her motion Vidanagama had not been personally served in a manner sufficient to satisfy OCGA § 9-11-4 (d) (7). Under these circumstances we conclude that the trial court should have granted Vidanagama's motion to dismiss on the ground

---

[1] We note that in response to this court's request to supplement the record on appeal designated by appellants, the trial court forwarded affidavits filed by appellee in the trial court showing that appellants had later been served with process which included summons. We cannot, and do not, consider those affidavits, as they were filed in the trial court after the date of this appeal.

of insufficiency of service of process and abused its discretion by failing to do so.

*Judgment affirmed in Case No. A91A1872. Judgment affirmed in part and reversed in part in Case No. A91A1873. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 6, 1992 —
RECONSIDERATIONS DENIED MARCH 19, 1992 AND MARCH 24, 1992 —

*Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Jr., Rolfe M. Martin, Robert J. Higdon,* for appellants.

*Harold M. Harvey, Christopher J. McFadden,* for appellee.