A92A0158. ROLLING v. THE STATE.
(418 SE2d 396)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of violating Georgia's Controlled Substances Act, selling cocaine. This appeal followed. *Held:*

1. Defendant contends the trial court erred in denying his motion for continuance, arguing that his trial attorney had only seven days to prepare for trial. This contention is not supported by the record.

"Error must be shown affirmatively by the record, and not by mere recitations in a brief. [Cits.]" *Standridge v. State*, 196 Ga. App. 697, 698 (3) (396 SE2d 804). In the case sub judice, defendant fails to make reference to the record showing that a motion for continuance

was made before trial. Further, this Court's examination of the record and trial transcript reveals no such motion. Consequently, this enumeration presents nothing for review. See Rule 15 (c) (3) (i) of the Rules of the Court of Appeals of the State of Georgia.

2. Defendant contends the trial court erred in allowing the State Crime Laboratory expert to testify that the substance defendant sold to an undercover officer tested positive for cocaine, arguing the State failed to provide a copy of the expert's scientific report ten days prior to trial as is required by OCGA § 17-7-211 (b).

A request for disclosure of scientific reports "shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. If such written request is not made at arraignment, it shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial." OCGA § 17-7-211 (b). The trial transcript reveals that defendant's demand for scientific reports was made after arraignment and seven days prior to trial. The trial transcript also shows that defendant's trial attorney received a copy of the relevant scientific report seven days prior to trial. Further, defendant's trial counsel acknowledged that the State had displayed "what purports to be an arraignment package cover sheet indicating that [the defendant] personally had the scientific report . . ." Under these circumstances, the trial court did not abuse its discretion in denying defendant's motion to exclude the State Crime Laboratory expert's testimony identifying the substance defendant sold to an undercover officer as cocaine. *State v. Meminger*, 249 Ga. 561, 563 (2) (292 SE2d 681).

*Judgment affirmed. Cooper, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED APRIL 15, 1992.

*Rodney M. Keys*, for appellant.
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.