A92A0614. COLLIER v. SOUTH CAROLINA INSURANCE
COMPANY.
A92A1046. COLLIER v. BRICE.
(422 SE2d 52)

COOPER, Judge.

Appellant, a pro se litigant in two civil actions, appeals orders entered against him in those actions. His appeals have been consolidated by order of this court.

Appellee filed a declaratory action against appellant to determine its obligation to pay appellant no-fault and uninsured motorist benefits as a result of an accident appellant allegedly had with a hit-and-run vehicle in April 1989. Appellee contended that appellant's application for benefits was false and fraudulent. In support of one of its pleadings in the case, appellee submitted the affidavit of Charles Brice, who stated therein that he owned the car which appellant alleged was involved in the accident and that the car had not been involved in an accident in April 1989 and had not been operated by anyone at any time during 1989. A bench trial resulted in a judgment in favor of appellee. In Case No. A92A0614, appellant appeals that judgment. While the declaratory judgment action was pending, appellant filed a complaint against Brice for allegedly committing perjury in giving the affidavit in the declaratory judgment action. The trial court dismissed that case for failure to state a claim upon which relief can be granted, and in Case No. A92A1046, appellant appeals that order.

*Case No. A92A0614*

Appellant has failed to comply with numerous rules of this court, including filing an enumeration of errors (Rule 27 (a)), including a succinct and accurate statement of the facts of the case (Rule 15 (a)), and supporting argument with citations to the record (Rule 15 (c)). Notwithstanding the deficiencies in appellant's presentation, we are willing, because of appellant's pro se status, to review the merits of appellant's argument to the extent that we can discern what those arguments are. However, in spite of our leniency, appellant still has the burden of showing error affirmatively by the record. *Hendricks v. Emerson*, 199 Ga. App. 208 (2) (404 SE2d 279) (1991).

Appellant argues that the trial court erred in denying his motion in limine to exclude evidence of other accidents in which appellant had been involved and the related insurance claims. In response to appellant's motion, appellee submitted copies of accident reports and

insurance claims filed by appellant for five hit-and-run accidents occurring between June 1988 and November 1989. Appellee contended that it was not obligated to pay appellant because appellant's application for benefits was false and fraudulent. We conclude that the trial court properly denied appellant's motion in limine since the evidence was relevant to show a scheme of fraudulent conduct by appellant. See *Ballard v. Turner*, 147 Ga. App. 584 (249 SE2d 637) (1978).

Appellant also contends that the judgment entered against him was erroneous. The record reflects that the case was called for trial and that appellant was in the courthouse but refused to appear at the call of the case. The trial judge heard evidence presented by appellee and then entered a judgment against appellant. " ' "A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party. (Cit.)" (Cit.)' [Cit.]" *Renshaw v. Feagin*, 199 Ga. App. 148, 149 (1) (404 SE2d 457) (1991). The transcript from the trial amply supports the trial court's finding that appellee was not obligated to pay no-fault or uninsured motorist benefits to appellant. Accordingly, we find no error with the judgment entered by the trial court.

### Case No. A92A1046

Appellant contends that the trial court erred in dismissing his action against Brice. The trial court dismissed appellant's complaint for failure to state a claim upon which relief can be granted and specifically held that perjury is not a claim for which appellant could seek relief in a civil suit. This court has held that no civil cause of action exists for damages for perjury committed in an earlier lawsuit. See *Sun v. Bush*, 179 Ga. App. 140 (3) (345 SE2d 873) (1986). Brice's affidavit was given in connection with the declaratory judgment action brought by appellee. Therefore, as part of a prior judicial proceeding, even if it were false it could not be the basis for a civil cause of action.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED JULY 28, 1992 —
RECONSIDERATION DENIED AUGUST 25, 1992 —

Jerry L. Collier, *pro se.*
*McClain & Merritt, William S. Sutton,* for appellee.