A94A0596. WRIGHT v. THE STATE.
(445 SE2d 377)

SMITH, Judge.

We granted Joe Wright's application for leave to appeal from an order revoking his probation.

The record shows that Wright pled guilty to criminal damage to property in the second degree in December 1990. Pursuant to a negotiated plea, he received a three-year probated sentence and was ordered to make restitution of $600 and pay a monthly probation fee of $10. In June 1992, after a hearing on a petition brought by Wright's probation officer, the court found he had violated technical terms of the probation. By order dated June 12, 1992 and entered on June 24, 1992, the court amended the terms of the original probation and or-

dered Wright remanded to the Southeast Probation Detention Center for an initial period of not less than 60 nor more than 120 days. The order provided that if his performance at the center was unsatisfactory he could be returned to the court for consideration of additional confinement, revocation of probation, or any other disposition. It also provided, however, that "[u]pon completion of said program the balance of the defendant's probation is hereby suspended. The balance of the defendant's fine is also suspended." On November 9, 1992, the trial court entered an order nunc pro tunc June 12, 1992, amending Wright's sentence by providing that upon completion of the program at the detention center, he "shall return to the regular probation with all of the conditions of the original sentence."

In March 1993, Wright's probation officer again sought to revoke his probation and swore out a warrant for his arrest. Wright was arrested pursuant to the warrant, and a probation revocation hearing was held. His probation was revoked, and he was ordered to serve the remainder of his sentence in the State penal system.

In support of his contention that his probation was improperly revoked, Wright argues that the November 9 order was void because it increased his sentence after he had begun serving it. He argues that because the June 24 order unconditionally discharged him if he completed the program at the detention center, and he did so, he was then no longer on probation and it therefore could not be "revoked."

Wright is correct in stating that once a defendant begins to serve his sentence, it may not be increased. *Edge v. State*, 194 Ga. App. 466, 467 (391 SE2d 18) (1990). However, the record contains no evidence that Wright had begun the program at the detention center when the November 9 order was entered. Moreover, the record does not show that he successfully completed the program. " 'Error must be shown affirmatively by the record, and not by mere recitations in a brief. (Cits.)' [Cit.]" *Rolling v. State*, 204 Ga. App. 13 (1) (418 SE2d 396) (1992). We will not, therefore, assume error by the trial court in revoking Wright's probation.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

Jackson & Schiavone, Mark E. Smith, for appellant.
Spencer Lawton, Jr., District Attorney, Kimberly D. Rowden, Assistant District Attorney, for appellee.