A94A0913. McHAFFIE v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION et al.
(448 SE2d 36)

Judge Harold R. Banke.
The appellant, a pro se litigant, appeals from a judgment entered

in favor of the appellee, Brand Banking Company ("Brand Banking"), in an interpleader action brought by the appellee, Decatur Federal Savings & Loan Association ("Decatur Federal").

Exercising its power of foreclosure and sale with respect to real property owned by the appellant, Decatur Federal sold the property to Brand Banking for the sum of $52,742.33. The purchase price exceeded the appellant's indebtedness to Decatur Federal by $23,601.33. To identify who was entitled to the excess funds, Decatur Federal conducted a title examination of the property which revealed that Brand Banking held a second priority deed to secure debt and that the appellee, Bramblett Drywall Supply, held a judgment lien against the appellant. Faced with three potential claims to the funds, Decatur Federal paid the funds into the registry of the court and filed a complaint for interpleader.

The matter was tried before the trial court without a jury. The appellant was present at trial and participated in the proceedings but did not present any evidence. The uncontroverted evidence shows that Brand Banking held a properly recorded deed to secure debt on the property which was second in priority to Decatur Federal's interest and that the appellant was indebted to Brand Banking in the sum of $25,645.46 on the promissory note secured by Brand Banking's deed to secure debt. Thus, the excess proceeds were awarded to Brand Banking, and this appeal followed.

On appeal, the appellant has failed to comply with several Court of Appeals Rules, including Rule 27, Rule 15 (a), and Rule 15 (c). Instead, the appellant's "brief" includes "enumerations of error" which consist of nine factual allegations, none of which identify error committed by the trial court. This is followed by a "statement of the issues" in which all nine statements are accompanied by citations of authority, but they are totally unrelated to the enumerations of error and irrelevant to the matters at issue in the trial.

"Notwithstanding the deficiencies in appellant's presentation, we are willing, because of appellant's pro se status, to review the merits of appellant's argument to the extent that we can discern what those arguments are. However, in spite of our leniency, appellant still has the burden of showing error affirmatively by the record. [Cit.]" *Collier v. South Carolina Ins. Co.*, 205 Ga. App. 323 (422 SE2d 52) (1992).

Since the appellant failed to identify any errors committed by the trial court, we examined the record to ascertain whether the evidence generally supported the judgment. "A trial judge sitting without a jury is entitled to have his judgment considered as a verdict by a jury, and if there is any evidence to support the finding, it should be affirmed. Also the evidence must be construed most strongly in favor of the prevailing party." (Citations and punctuation omitted.) Id. at

324. In the instant case, the evidence amply supports the trial court's judgment in favor of Brand Banking.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 4, 1994.

Cecil E. McHaffie, *pro se.*

*McCurdy & Candler, Dana B. Miles, Donald C. Suessmith, Jr., Webb, Tanner & Powell, Ralph L. Taylor III, Steven A. Pickens,* for appellees.