## A94A2333. HENRY v. MEDICAL CENTER, INC.
(456 SE2d 216)

ANDREWS, Judge.

Henry appeals from the grant of summary judgment to the hospital in her medical malpractice suit.

Viewed with all inferences in favor of Henry, the evidence was that she entered defendant hospital on September 4, 1991 to give birth. Upon being admitted, an IV was placed in her hand by hospital personnel. According to Henry, the IV began to hurt immediately upon being inserted and continued to hurt and she complained to a nurse about it. Henry was released on September 6, 1991 and over the next two days she began having fever blisters around the point of insertion. By Sunday, September 8, her arm was numb. On Monday, September 9, she called her ob/gyn and was told to elevate the arm and apply heat. When this provided no relief, she went in to see her doctor on September 10. Treatment was begun for cellulitis and she was admitted to the hospital on September 13 for intensive antibiotic therapy.

1. The brief filed by counsel for Henry is not in compliance with the Rules of the Court of Appeals. As pointed out by appellee, there are no references to the record or transcript to support the arguments made by Henry in direct violation of Rule 15 (c) (3) (i) and (ii). In such a situation, as stated by then Presiding Judge Beasley in *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985), "[t]he absence of specific page references is tantamount to an abandonment of the enumerations of error." According to Rule 7, it may also lead to dismissal of the appeal when committed by an appellant.

" ' "Error must be shown affirmatively by the record, and not by mere recitations in a brief. (Cits.)" (Cit.)' *Rolling v. State*, 204 Ga. App. 13 (1) (418 SE2d 396) (1992)." *Wright v. State*, 213 Ga. App. 626, 627 (445 SE2d 377) (1994).

" ' " 'The burden is upon the party alleging error to show it affirmatively by the record.' " (Cit.)' [Cit.]" *Gale v. Obstetrics & Gynecology of Atlanta*, 213 Ga. App. 614, 615 (2) (445 SE2d 366) (1994). See *McHaffie v. Decatur Fed. &c. Assn.*, 214 Ga. App. 368, 369 (448 SE2d 36) (1994).

2. Considering the record, as we are bound to do, it reflects that suit was filed on September 10, 1993. The hospital filed its motion to dismiss or for summary judgment which was granted by the trial court. We affirm.

Under OCGA § 9-3-71 (a), such an action must be brought within two years after the date "on which an injury . . . occurred." While appellant argues that her visit to her doctor's office where the actual diagnosis was made is the operative date, it is without question that, at least by Sunday, September 8 when her numbness began and a day after the appearance of fever blisters, Henry was aware that her arm had been injured.

"The fact that [Henry] did not know the medical *cause* of her suffering did not affect the application of OCGA § 9-3-71 (a) when [her own] evidence established that her injury had occurred and had physically manifested itself to her [by September 8, 1991]." *Frankel v. Clark*, 213 Ga. App. 222, 223 (444 SE2d 147) (1994). See *Jones v. Lamon*, 206 Ga. App. 842 (426 SE2d 657) (1992).

Therefore, summary judgment was properly granted to the hospital.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur specially.*

BEASLEY, Chief Judge, concurring specially on motion for reconsideration and request for leave to supplement the record.

It was pointed out in a special concurrence when the original opinion in this case was issued that I reluctantly concurred, because the record contained no support for the statement in appellant's brief

that "[s]uit was [originally] filed on March 25, 1993, in the State Court of Muscogee County and subsequently dismissed without prejudice on May 27, 1993." The record does show that the suit before us was filed on September 10, 1993, and that the injury first manifested itself at least by September 7, 1991, when the patient experienced fever blisters and other unexpected negative symptoms.

If evidence of the facts asserted by appellant in regard to the procedural history of her claim were contained in the record, this case might come within the grace period provided by OCGA § 9-2-61 (a), which states, "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." The suit before us was filed within six months of May 27, so the statute would declare it timely if it was a renewed suit, inasmuch as it would be regarded as having been filed on March 25. *Bennett v. Matt Gay Chevrolet Oldsmobile*, 200 Ga. App. 348, 349 (1) (408 SE2d 111) (1991). I say the suit "might" come within the grace period because this assumes that the original suit would fall within the procedural strictures of OCGA § 9-11-9.1 (f), which is also not demonstrated by the record. The expert affidavit in the current suit is dated September 10, 1993; it did not exist the previous March so as to be submitted with any complaint filed then.

Although appellee does not dispute the statement which is dehors the record, and Rule 27[1] (b) (1) permits the court to accept it as uncontroverted, this generally relates to facts shown somewhere in the record. Appellant has the responsibility of both including in the record all that is necessary to support the enumerations of error, *Nazli v. Scott*, 203 Ga. App. 523, 524 (2) (417 SE2d 187) (1992), and citing the parts of the record which confirm the accuracy of the required statement of the proceedings below. Rule 27 (a) (1). Section (c) (3) of that rule also directs that specific references to the record or transcript be made. See *Dugger v. Danello*, 175 Ga. App. 618, 619 (2) (334 SE2d 3) (1985).

Appellant has not raised as a ground of the enumerated error that the court failed to consider the grace period provided by OCGA § 9-2-61 (a), but we could not even overlook this deficiency because of the silent record. Nor has appellant attempted to utilize the procedure for adding record which is provided for in OCGA § 5-6-48 (d), until this late date. The record would have to include the pleadings

---

[1] At the time the briefs were filed, this was Rule 15.

and voluntary dismissal in the prior suit, and appellant has not asserted that her first suit satisfied OCGA § 9-11-9.1 (f).

Thus the involuntary dismissal must be affirmed. It would be a slim reed upon which to exercise jurisdiction if the mere statement of the plaintiff or appellant could establish timeliness; whether deliberately misleading or innocently inaccurate, the self-serving recitation would allow litigation of a stale claim. For the court to assure compliance with the law, it must be certain that such a statement represents fact.

I am authorized to state that Judge Johnson joins in this special concurrence.

DECIDED FEBRUARY 16, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995.

*William J. Wright,* for appellant.
*Layfield, Rothschild & Morgan, Jerome M. Rothschild, Virgil T. Theus,* for appellee.