A99A0893. ADAMS v. THE STATE.
(520 SE2d 746)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of possessing marijuana with intent to distribute in violation of the Georgia Controlled Substances Act, possession of a firearm by a convicted felon, driving under the influence of alcohol, no proof of insurance, driving while license suspended or revoked, stop sign violation, and violation of the open container law. The charges arise out of a traffic stop initiated by Columbus Police Officer Nathan Lunsford, who observed defendant disregard a stop sign while not wearing a seat belt. Defendant appeals from the denial of his motion for new trial, pursuant to the grant of an out-of-time appeal. *Held*:

1. In his first enumeration of error, defendant contends that the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon for want of any evidence of criminal intent.

Whether an act is committed with the requisite criminal intent is a question for the jury "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. See *Blanton v. State*, 191 Ga. App. 454 (1), 455 (382 SE2d 133).

*Cornelius v. State*, 213 Ga. App. 766, 768 (1) (445 SE2d 800). Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established that the defendant was the undisputed driver of the vehicle stopped; that a pistol was found on the driver's side floorboard; and that the pistol was within arm's reach of the driver, accessible to defendant. According to Officer Lunsford, the pistol was "fully loaded." On direct examination, defendant testified that he took the gun in his hand to remove its loaded magazine. Nevertheless, on cross-examination, defendant admitted possessing the weapon, knowing he was a convicted felon. Certified copies of defendant's prior convictions for selling a controlled substance, possessing a controlled substance with intent to distribute, and for obstructing an officer established his status as a convicted felon. This evidence is sufficient to authorize the jury's verdict, finding the defendant guilty, beyond a reasonable doubt, of possession of a firearm by a convicted felon as alleged in Count 2 of the indictment. OCGA § 16-11-131; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hindman v. State*, 234 Ga. App. 758, 763 (2) (507 SE2d 862).

2. In his remaining enumerations of error, defendant contends that he was afforded ineffective assistance of counsel at trial. However, nothing of record reflects that these claims were presented to the trial court for determination, either by an amended motion for new trial or in an application for an out-of-time appeal to make an out-of-time motion for new trial upon this special ground.[1] See *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653). Accordingly, this issue is procedurally defaulted and presents nothing to review. *Gantt v. State*, 229 Ga. App. 207, 209 (3) (493 SE2d 608).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 9, 1999.

*William P. Nash, Jr.*, for appellant.

---

[1] By its brief on appeal, the State indicates that defendant's appellate counsel filed an amended motion for new trial in which he added the special ground of ineffective assistance of counsel. At the new trial hearing, trial counsel's ineffectiveness was argued only in terms of whether trial counsel relayed an offer to the defendant, a claim not enumerated on appeal. The trial court's order denying defendant's motion for new trial does not make reference to an amended motion for new trial. Nor was such a motion forwarded with the record on appeal, although defendant's notice of appeal directs the clerk to "omit nothing from the record." Accordingly, there is nothing for our review on appeal. *Wright v. State*, 213 Ga. App. 626, 627 (445 SE2d 377) ("Error must be shown affirmatively by the record, and not by mere recitations in a brief.") (citations and punctuation omitted).

*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney*, for appellee.