## A01A0792. CARTER v. THE STATE.
(547 SE2d 613)

MIKELL, Judge.

After a bench trial, Willie Carter and his co-defendant, Alford Saxon Bostic, were convicted of trafficking in cocaine (Count 1) and possession of a firearm during the commission of a crime (Count 2).[1] Carter was also found guilty of possession of a firearm by a convicted felon (Count 3). The trial court sentenced Carter to serve twenty years on Count 1 and pay a $200,000 fine; five years on Count 2, to be served consecutively to the sentence on Count 1; and five years on Count 3, to be served concurrently to the sentences on the first two counts. On appeal, Carter claims that his sentence constituted cruel and unusual punishment; that the trial court erred in denying his motion to suppress evidence seized from his vehicle; that the evidence was insufficient to support his convictions; and that the state failed to prove the chain of custody of the cocaine. We disagree and affirm.

Evidence adduced at trial shows that Randall Coppolino, a sergeant assigned to the drug task force of the Fayette County Sheriff's

---

[1] Bostic is not a party to this appeal.

Department, was working undercover on September 1, 1998, setting up a drug buy through an informant, Lorenzo Hixson. Sgt. Coppolino testified that the informant told him that he and the drug supplier, who was later identified as Bostic, would be traveling in separate vehicles to Fayette County to bring cocaine to the sergeant.

Hixson maintained cellular telephone contact with Coppolino throughout the trip. Coppolino testified that Hixson described the drug seller's vehicle as a brown Suburban and its passenger as a "skinny, junky, enforcer." Coppolino, who was waiting for the Suburban, pulled it over as it passed him. The driver of the Suburban was later identified as Bostic and the passenger as Carter. Both Carter and Bostic consented to a search of the vehicle. During the search, six plastic bags containing 122 grams of cocaine were found in a pair of shorts in the rear cargo area, and a .357 revolver was found under the passenger's side floor mat. Bostic testified at trial that he owned the gun and that Carter had "nothing to do" with it. Both defendants denied knowledge of the cocaine.

1. Carter first challenges the sufficiency of the evidence to support his convictions. On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence. We do not weigh the evidence or decide witness credibility, but simply determine whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the crimes charged.[2] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[3]

(a) The evidence recounted above amply supports Carter's conviction of trafficking in cocaine.[4]

(b) Pursuant to OCGA § 16-11-106 (b), a person possesses a firearm during the commission of a crime when he has a firearm on or within arm's reach of his person during the commission of a felony. Here, evidence that the revolver was found under the floor mat where Carter was sitting authorized the trier of fact to find him guilty of this offense under the standard set forth in *Jackson v. Virginia*.[5]

(c) In addition, certified copies of Carter's prior convictions for

---

[2] *Horne v. State*, 237 Ga. App. 844-845 (1) (517 SE2d 74) (1999).
[3] *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999).
[4] See *Bellamy v. State*, 243 Ga. App. 575 (530 SE2d 243) (2000).
[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Adams v. State*, 239 Ga. App. 42, 43 (1) (520 SE2d 746) (1999).

burglary, rape, and armed robbery established his status as a convicted felon. This evidence is sufficient to authorize Carter's conviction of possession of a firearm by a convicted felon pursuant to OCGA § 16-11-131.[6]

2. Carter's sentence did not violate the prohibition against cruel and unusual punishment established by the Eighth Amendment to the U. S. Constitution. His sentence of 20 years for trafficking in cocaine was within the range set out in OCGA § 16-13-31 (a) (1) (A) and (g).[7] Moreover, the court assessed the $200,000 fine required by OCGA § 16-13-31 (a) (1) (A). Similarly, the sentence imposed for possession of a firearm during the commission of a crime, five years to be served consecutively to the sentence on Count 1, was mandated by statute.[8] Finally, OCGA § 16-11-131 (b) provides that a felon who is convicted of firearm possession shall be imprisoned for not less than one nor more than five years. Accordingly, Carter's five-year sentence on this count, to be served concurrently with his other sentences, was not an abuse of the trial court's discretion.

3. Carter next challenges the denial of his motion to suppress, arguing that the state failed to establish the informant's reliability. Carter points to Sgt. Coppolino's testimony that Hixson had been arrested for drug violations and had offered to provide information in exchange for the sergeant's recommendation of leniency to the district attorney.

This enumeration is controlled adversely to Carter by *Archer v. State*,[9] where we held, based on facts nearly identical to those in the case sub judice, that a tip "from an informant of hitherto unconfirmed reliability" provided the police with probable cause to effectuate an investigatory stop and warrantless search of a moving vehicle.[10] In *Archer*, as in the instant case, "the details of that tip, including the predicted timing and route of a particular vehicle driven by a particular individual, were confirmed by the personal observations of the investigating officers."[11] "Our decisions applying the totality-of-the-circumstances analysis . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work."[12] Thus, under the totality of the circumstances, we find that the details provided by the informant, as confirmed by the observations of Sgt. Coppolino, provided the police with probable cause to conduct an investigatory stop. The search of the

---

[6] *Jackson v. Virginia*, supra.
[7] *Boatwright v. State*, 193 Ga. App. 141, 143 (4) (387 SE2d 386) (1989).
[8] See OCGA § 16-11-106.
[9] 217 Ga. App. 395, 396 (457 SE2d 679) (1995).
[10] Id. at 396-397.
[11] Id. at 396.
[12] *Illinois v. Gates*, 462 U. S. 213, 241 (103 SC 2317, 76 LE2d 527) (1983).

vehicle with consent was valid, and the trial court did not err in refusing to suppress the cocaine and weapon.

4. Carter finally contends that the state failed to prove the chain of custody of the cocaine. However, Carter waived appellate review of this issue by failing to object to the trial testimony of the state forensic chemist.[13] Further, Carter's brief fails to support this evidentiary challenge with citation to authority or reasoned argument; thus, it is deemed abandoned under Court of Appeals Rule 27 (c) (2). In any event, a thorough review of the chemist's testimony reveals that the state established with reasonable certainty that the cocaine introduced in evidence was the same as that seized and that no tampering or substitution occurred.[14]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001.

*George H. Weldon*, for appellant.
*William T. McBroom III, District Attorney, Thomas J. Ison, Jr., Assistant District Attorney*, for appellee.

---

[13] See *Geoffrion v. State*, 224 Ga. App. 775, 779 (6) (482 SE2d 450) (1997), rev'd on other grounds, *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999).

[14] *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996).