## A01A1129. CLARK v. THE STATE.
### (555 SE2d 88)

Barnes, Judge.

Billy R. Clark appeals his convictions for insurance fraud and forgery in the first degree. Clark contends the verdict is contrary to, was not supported by, and was against the weight of the evidence (enumerations of error 1 through 3). He contends the trial court erred by denying his motion for a directed verdict (enumeration 4), by denying his motion for a new trial (enumeration 5), by charging the jury on conspiracy (enumeration 6), on presence, companionship and conduct (enumeration 7), on charges concerning the co-defendant, his wife (enumeration 8), and by referring in the charge to counts of the indictment that did not pertain to him (enumeration 9). He also contends the trial court erred by denying the jury's request to review the testimony of a witness (enumeration 10).

1. Examination of Clark's appellate brief shows that he has not presented reasoned argument or citation of authority to support enumerations of error 6 through 10. Therefore, these enumerations of error are deemed abandoned. Court of Appeals Rule 27 (c) (2); *Carter v. State*, 248 Ga. App. 821, 824 (4) (547 SE2d 613) (2001).

Moreover, Clark waived any alleged errors concerning the jury charge because the transcript shows that the trial court specifically questioned Clark's counsel whether he had any objection to the charge and he responded, "None, your honor."

> The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given. Therefore, [Clark] waived his right to raise this objection on appeal. If a substantial error in the charge was harmful as a matter of law, we will review it regardless of whether or not an objection was made. OCGA § 5-5-24 (c). However, [Clark] has not shown that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he was deprived of a fair trial.

(Citations and punctuation omitted.) *Bailey v. State*, 246 Ga. App. 337-338 (540 SE2d 298) (2000).

Additionally, after the trial court informed the jury that it was

unable to provide the jury with a copy of the witness' testimony they requested, Clark did not object to this ruling. Therefore, Clark waived the right to raise this issue on appeal. *McLelland v. State*, 203 Ga. App. 93, 96 (10) (416 SE2d 340) (1992).

2. Clark's allegations regarding the sufficiency of the evidence are measured by the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), when the sufficiency of the evidence is challenged either through appealing the denial of a directed verdict or the denial of a motion for new trial. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). His allegations that the verdict is contrary to and strongly against the evidence, however, do not fall within the jurisdiction of this court.

> The denial of a motion for new trial on these grounds addresses itself to the discretion of the trial judge. On appeal, this Court only reviews the evidence to determine if it is sufficient to support the verdict. This is a question of law, not discretion. The evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.

(Citation omitted.) *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999). When measuring the sufficiency of the evidence to support the verdict, we neither weigh the evidence nor judge witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed most favorably to the verdict, the evidence shows that Clark and his wife[1] operated a grading business. After they found work as a subcontractor, the general contractor requested proof of workers' compensation insurance. Clark said that they did have it, but, after attempts to avoid providing proof of workers' compensation insurance failed, Mrs. Clark faxed the general contractor a certificate showing that they had workers' compensation insurance. The general contractor, however, recognized that the certificate sent him by the Clarks was not genuine. The insurance agent allegedly providing the certificate testified that he did not issue the certificate to Clark, and that this certificate had been issued to Clark's brother and had been altered. When the general contractor confronted him about this, Clark said that he believed the certificate was valid. Mrs. Clark told

---

[1] Although jointly indicted for these offenses, Mrs. Clark absconded after arraignment and is not a party to this appeal.

him maybe this whole thing was just a joke.

This evidence is sufficient to support Clark's conviction for forgery in the first degree in violation of OCGA § 16-9-1 (a) by, with intent to defraud, knowingly possessing a writing in such manner that the writing as altered purports to have been made with the authority of one who did not give such authority and utters or delivers such writing and for insurance fraud in violation of OCGA § 33-1-9 (a) (3)[2] by issuing a fake or counterfeit workers' compensation insurance certificate. Indeed, Clark's appellate brief admitted that there "is no question in this case that the forgery and insurance fraud occurred," but contended the evidence does not show that he committed the fraud. We disagree.

The evidence shows that Clark and his wife operated the business together, that he represented that they had workers' compensation insurance when he knew that they did not, that he represented that they would send a certificate of insurance, and that his wife then faxed the certificate to the person Clark had promised the certificate. This is sufficient evidence from which any rational factfinder could conclude that Clark was guilty within the meaning of *Jackson v. Virginia*, supra.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 4, 2001.

*William P. Millisor*, for appellant.
*Philip C. Smith, District Attorney*, for appellee.

---

[2] OCGA § 33-1-9 (a): "Any natural person who knowingly or willfully: . . . (3) Issues fake or counterfeit insurance policies, certificates of insurance, insurance identification cards, or insurance binders . . . commits the crime of insurance fraud."